UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIVE LOBSTER, COMPANY, INC. and ANTONIO BUSSONE, in his capacity as President of Live Lobster Company, Inc., <br> Plaintiffs <br><br> v. <br><br> BRUCE CHADBOURNE, in his official capacity As Field Office Director, Bureau of Immigration And Customs Enforcement, United States Department of Homeland Security, ROBIN M. AVERA, Special Agent in Charge, U.S. Immigration and Customs Enforcement, and FRANK J. PICCIONE, Special Agent, Department of Homeland Security, <br> Defendants | CIVIL ACTION NO. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. Introduction

On or about September 28, 2004, a special agent with the United States Customs Service ("Customs") served two summonses upon Live Lobster Company, Inc. demanding production of various documents on dates certain, ostensibly pursuant to 19 U.S.C. §1509. The Summonses also seek to gag Live Lobster Company, Inc. from disclosing the existence of the Summonses "for an indefinite period of time", declaring that "[a]ny such disclosure will impede this investigation and thereby interfere with the enforcement of Federal law." Plaintiff believes that the Summonses were issued by Customs in response to a request from an attaché in Customs' Rome office and in furtherance of a criminal investigation being conducted by the Italian government.

1

Plaintiff seeks a declaration that utilizing Section 1509 as a means to further a foreign or domestic criminal investigation constitutes an illegitimate purpose outside of the agency's jurisdiction, as well as an injunction prohibiting Customs' use of Section 1509 against Plaintiff in this manner. Plaintiff further submits that the gag provision within the Summonses violates the First Amendment as it is unconstitutionally vague, overbroad, and imposes an unlawful prior restraint on speech.

## II. Jurisdiction and Venue

1. This case arises under the United States Constitution and the laws of the United States and presents a federal question under Article III of the United States, 28 U.S.C. §1331 and 28 U.S.C. §1346. The Court has authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.* Venue is proper in this Court under 28 U.S.C. §1391.

## III. Parties

2. Plaintiff Live Lobster Company, Inc. ("Live Lobster" and/or "Plaintiff") is a corporation registered to do business in the Commonwealth of Massachusetts with a principal place of business at 5-11 Winnisimmet Street, Chelsea, Massachusetts.

3. Plaintiff Antonio Bussone ("Mr. Bussone") is President of Live Lobster.

4. Defendant Bruce Chadbourne is Field Office Director of the United States Department of Homeland Security ("Director Chadbourne").

5. Defendant Robin M. Avera is Special Agent in Charge of the U.S. Immigration and Customs Enforcement in Boston, Massachusetts, who signed the Summonses at issue in this case.

2

6. Frank J. Piccione is a Special Agent with the United States Department of Homeland Security ("Special Agent Piccione") and he served the Summonses at issue in this case.

## IV. Statutory Language at Issue

7. In its current form, Section 1509 authorizes the Secretary of the United States Customs Service, or a special agent in charge as the Secretary's delegate, to take certain actions "[i]n any investigation or inquiry conducted for the purpose of ascertaining the correctness of any entry, for determining the liability of any person for duty, fees and taxes due or duties, fees and taxes which may be due the United States, for determining liability for fines and penalties, or for insuring compliance with the laws of the United States administered by the United States Customs Service...." 19 U.S.C. §1509(a).

8. Under those limited circumstances, the Secretary or appropriate designee, pursuant to section (a)(1)(A) of Section 1509, may "examine, or cause to be examined, upon reasonable notice, any record (which for purposes of this section, includes, but is not limited to, any statement, declaration, document, or electronically generated or machine readable data) described in the notice with reasonable specificity, which may be relevant to such investigation or inquiry...." 19 U.S.C. §1509(a)(1).

9. Under those limited circumstances, the Secretary or appropriate designee may summon, upon reasonable notice, certain individuals "to appear before the appropriate customs officer at the time and place within the customs territory of the United States specified in the summons (except that no witness may be required to appear at any place more than one hundred miles distant from the place where he was served

3

with the summons), to produce records, as defined in subsection (d)(1)(A) of this section, and to give such testimony, under oath, as may be relevant to such investigation or inquiry". 19 U.S.C. §1509(a)(2).

10. Section 1509 provides certain penalties "if a person fails to comply with a lawful demand for information under subsection (a)(1)(A)", including a penalty of not more than $100,000 if the failure to comply is a result of the willful failure of the person to maintain, store or retrieve the demanded information, for each release of merchandise. 19 U.S.C. §1509(g).

V. **Allegations Common to All Counts**

11. At all relevant times to this Complaint, Live Lobster is a company located at 5-11 Winnisimmet Street, Chelsea, Massachusetts, engaged in the business of importing and exporting lobster to various foreign countries, including Italy.

12. At all relevant times to this Complaint, Mr. Bussone is the president of Live Lobster.

13. On September 28, 2004, Special Agent Piccione appeared at the offices of Live Lobster for a prearranged meeting with Mr. Bussone. Special Agent Piccione had telephoned Live Lobster several days prior thereto, asking to speak with Mr. Bussone by name. During that telephone conversation, Special Agent Piccione advised Mr. Bussone that he was seeking information regarding several companies located in Italy and that Mr. Bussone could provide the requested information over the telephone or Special Agent Piccione could issue a summons that would compel production of the requested information. Mr. Bussone advised that he would need to see a request in writing and a meeting was therefore arranged for September 28, 2004.

4

14. On that date, Special Agent Piccione arrived at Live Lobster accompanied by a female, both of whom displayed their credentials and identified themselves as agents with Customs. The agents' meeting with Mr. Bussone lasted approximately fifteen minutes. Another officer of Live Lobster was present during the entire meeting.

15. At or near the beginning of the meeting, Special Agent Piccione served Mr. Bussone with two documents, both of which were entitled "Summons to Appear and/or Produce Records". The documents are attached hereto as Exhibits 1 and 2.

16. Special Agent Piccione questioned Mr. Bussone regarding certain companies listed within the Summonses.

17. At one point during the meeting, Special Agent Piccione advised that the Summonses were related to an investigation originating with Italian authorities, specifically referring to Rome, Italy, and advised that they related to foreign fiscal issues.

18. At or near the conclusion of the meeting, Special Agent Piccione had Mr. Bussone sign the Summonses, acknowledging receipt thereof.

19. The first summons, attached hereto as Exhibit 1, purports to require production of the following records (including statements, declarations, and other documents) to Special Agent Piccione on or before October 12, 2004 at 9:00 a.m.:

> Exact copies of all invoices issued and proof of payments received from the following seven lobster importers located in Italy during 2001, 2002 and 2003: CHIARA FISH, Srl. Via Tagliamonte 2, Torre Anminxiata, Naples, (2) MELITTICA, Srl, Via Victorio Emanuele 34, Portici, Naples, (3) Warehouse, Via S Sergio 12/B, S. Agnello, Naples, (4) ITTICA SORRENTO, Srl, Via San Renaro 24, Amoroso, Napoli, (5) EURO FISH DI AVOLIO PIETRO & c., Sas, Piazza Duc degl Abrazzi S, Naples, (6) SUD PESCA dei Filli Amoroso, Srl, Via Pagliaro 52, Bacoli, Naples, (7) NAVITAI, UK, Ltd, 45A Harbor Road, Perravogie BT22 IEA, No Preland, Italian subsidiary, C/o New Shuttle Cargo, Srl, Via F.P. Remotti, Fiurnicino, ROMA.

20. The Summons also prohibits Live Lobster from disclosing even the existence of the summons to any third party, declaring: "You are requested not to disclose the existence of this summons for an indefinite period of time. Any such disclosure will impede this investigation and thereby interfere with the enforcement of Federal law." (Exhibit 1).

21. The Summons was signed by Robin M. Avera, Special Agent in Charge, U.S. Immigration and Customs Enforcement, as the person issuing the Summons. (Exhibit 1).

22. The second Summons, attached hereto as Exhibit 2, was similar to the first Summons, except it required production of the requested material on or before October 24, 2004 (as contrasted with October 12, 2004), and it purported to require production of the following materials:

> "Identify any lobster importers located in Italy doing business with Live Lobster Company, Inc., other than the seven importers listed on the Summons request for completion on October 12, 2004. Provide exact copies of all invoices issued and proof of payments received from these importers during 2001, 2002 and 2003.

23. On behalf of Live Lobster, attorney Martin G. Weinberg telephoned Special Agent Piccione to discuss the Summonses and legal issues implicated thereby. During a telephone discussion, Special Agent Piccione advised counsel that a variety of remedies were available to Customs to compel compliance with the Summonses and he would exercise those remedies if Live Lobster failed to voluntarily comply with the Summonses. Special Agent Piccione advised counsel that Live Lobster was required to produce the requested records or Customs would enforce the summonses within days.

24. Thereafter, on October 12, 2004, counsel forwarded a letter to Special Agent Piccione, via facsimile and first-class mail, requesting certain information necessary to adequately analyze the Summonses, as well as addressing legal issues implicated by the Summonses. (Letter of Martin G. Weinberg attached hereto as Exhibit 3).

25. On or about December 1, 2004, Special Agent Piccione and Attorney Weinberg engaged in another telephonic conversation, at which time Special Agent Piccione told counsel that the request for the Live Lobster records were generated by a Customs attaché in Rome, Italy. Special Agent Piccione once again requested full compliance with the Summonses, informing counsel that there were a number of remedies, including an audit, that were available to Customs in the event Live Lobster continued to assert the positions memorialized in counsel's October 12, 2004 letter. Counsel asked Special Agent Piccione if he could speak to an attorney with Customs or an Assistant United States Attorney involved in the investigation to seek protections available in the criminal process; Special Agent Piccione advised that he had no authority to offer any such protections and did not provide the names of any attorneys that counsel could contact on behalf of his client.

26. At the conclusion of the December 1, 2004 telephone conversation, counsel for Live Lobster advised Special Agent Piccione that he would notify him, telephonically, by the end of business on Monday, December 6, 2004, whether *vel non* Live Lobster would voluntarily comply with the Summonses. Special Agent Piccione advised that he would compel production of the requested materials should Live Lobster fail to voluntarily comply with the Summonses.

7

27. On December 6, 2004, counsel called Special Agent Piccione and left a voicemail message reiterating Live Lobster's position, as contained in counsel's October 12, 2004 letter.

28. On December 29, 2004, Attorney Weinberg wrote another letter to Special Agent Piccione. (December 29, 2004 Letter attached hereto as Exhibit 4). To date, neither Live Lobster nor Attorney Weinberg have received a response to said letter.

29. Based on information and belief, Senior Special Agent Richard F. Orluk, from the Bureau of Immigration and Customs Enforcement, United States Department of Homeland Security, has made inquiries of one or more persons regarding Live Lobster and wrongdoing in Italy, including the possibility of money laundering.

30. Based on information and belief, Special Agent Orluk works with Special Agent Piccione in the Boston office of the Bureau of Immigration and Customs Enforcement, United States Department of Homeland Security.

## CAUSES OF ACTION

31. The Summonses violate the First Amendment by categorically and permanently prohibiting any person from disclosing to any other person that Customs has sought or obtained information within the Summonses.

32. The Summonses have been issued to further and/or facilitate an investigation having been or being conducted by a foreign government and/or are not related to any proper purpose provided within Section 1509.

## PRAYER FOR RELIEF

1. Declare that the Summonses constitute an improper, unlawful and illegitimate use of the authority provided to Customs by Section 1509.

2. Permanently enjoin defendants from using Section 1509 against Plaintiff for the purpose of furthering the Italian government's investigation.

3. Declare that the Summonses violate the First Amendment to the United States Constitution.

4. Award Plaintiff fees and costs.

5. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted,
Live Lobster, Company, Inc.,
By its attorneys,

_____
Martin G. Weinberg
Mass. Bar No. 519480
OTERI, WEINBERG & LAWSON
20 Park Plaza, Suite 905
Boston MA 02116
(617) 227-3700

_____
Robert M. Goldstein
Mass. Bar No. 630584
20 Park Plaza, Suite 903
Boston MA 02116
(617) 227-3700

Dated: January 6, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Live Lobster Company, Inc vs Bureau of Immigration and Customs, Bruce Chadbourne, Field Office Director_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
             *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    YES ___  **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
    YES ___  **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
    YES ___  NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
    YES ___  **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
    **YES**  NO ___

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       **EASTERN DIVISION**   CENTRAL DIVISION   WESTERN DIVISION

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Robert M Goldstein_
ADDRESS _20 Park Plaza, Suite 903, Boston MA 02116_
TELEPHONE NO. _(617) 742-9055_

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 12/96)

# IVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Live Lobster Company, Inc.
Antonio Bussone, President, Live
Lobster, Inc.

**DEFENDANTS**

Bureau of Immigration and Customs
Enforcement, Bruce Chadbourne,
Field Office Director, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

1) Martin G. Weinberg, 20 Park Plaza, St 905, Boston, MA 02116, (617) 227-3700
2) Robert M. [illegible], 20 Park Plaza, St 905, (617) 742-9015

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 370 Other Fraud |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |  |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | / ☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Two Summonses issued by Customs Enforcement violate First Amendment and have been issued for a purpose not authorized by 19 USC § 1509. Seek Declaratory Judgment. [illegible] 28 USC § 2201

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____    DOCKET NUMBER _____

DATE  January 7, 2005

SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

| TO (Name, Address, City, State, ZIP) | DEPARTMENT OF THE TREASURY |
|---|---|
| Live Lobster Company, Inc.<br>5-11 Winnisimmet Street<br>Chelsea, MA 02150 | UNITED STATES CUSTOMS SERVICE<br>**SUMMONS**<br>TO APPEAR AND/OR PRODUCE RECORDS |

By the service of this summons upon you, YOU ARE HEREBY SUMMONED AND REQUIRED TO:

(A) ☐ APPEAR before the Customs officer named in Block 2 below at the place, date, and time indicated to testify and give information.

(B) ☒ PRODUCE the records (including statements, declarations, and other documents) indicated in Block 3 below, before the Customs officer named in Block 2 at the place, date, and time indicated.

Your testimony and/or the production of the indicated records is required in connection with an investigation or inquiry to ascertain the correctness of entries, to determine the liability for duties, taxes, fines, penalties or forfeitures, and/or to insure compliance with the laws or regulations administered by the U.S. Customs Service.

Failure to comply with this summons will render you liable to proceedings in a U.S. District Court to enforce compliance with this summons as well as other sanctions.

| 2 (A) NAME, TITLE, ADDRESS, AND TELEPHONE NUMBER OF CUSTOMS OFFICER BEFORE WHOM YOU ARE TO APPEAR | (B) DATE October 12, 2004 |
|---|---|
| Special Agent Frank Piccione<br>U.S. Immigration and Customs Enforcement<br>10 Causeway Street, Room 722<br>Boston, MA 02222 | (C) TIME 9:00 a.m. |

3 RECORDS REQUIRED TO BE PRODUCED FOR INSPECTION

Exact copies of all invoices issued and proof of payments received from the following seven lobster importers located in Italy during 2001, 2002 and 2003: (1)CHIARA FISH, Srl, Via Tagliamonte 2, Torre Annunziata, Naples - (2)MELI ITTICA, Srl, Via Vittorio Emanuele 34, Portici, Naples - (3)Warehouse, Via S. Sergio 12/B, S. Agnello, Naples - (4)ITTICA SORRENTO, Srl, Via San Renato 24, Sorrento, Napoli - (5)EURO FISH DI AVOLIO PIETRO & c., Sas, Piazza Duca degli Abruzzi 8, Naples - (6)SUD PESCA dei F.lli Amoroso, Srl, Via Pagliaro 52, Bacoli, Naples - (7)NAVITAL UK, Ltd, 45A Harbor Road, Portavogie BT22 1EA, No. Ireland, Italian subsidiary, C/o New Shuttle Cargo, Srl, Via F.P. Remotti, Fiumicino, ROMA

*You are requested not to disclose the existence of this summons for an indefinite period of time. Any such disclosure will impede this investigation and thereby interfere with the enforcement of Federal law.*

Issued under authority of section 509, Tariff Act of 1930, as amended by Public Law 95-410 (19 U.S.C. 1509); Customs Delegation Order No. 55 (44 F.R. 2217)

| 4 NAME OF PERSON AUTHORIZED TO SERVE SUMMONS:<br>S/A Frank Piccone<br>or any other Customs officer. | 5 DATE OF ISSUE<br>COMMISSIONER OF CUSTOMS<br>BY<br>(Signature): |
|---|---|
| | 6 NAME, TITLE, ADDRESS, AND TELEPHONE NUMBER OF PERSON ISSUING THIS SUMMONS<br>Robin M. Avers, Special Agent in Charge<br>U.S. Immigration and Customs Enforcement<br>10 Causeway St. Rm. 722<br>Boston, MA<br>617 565-7400 |
| If you have any questions regarding this summons, contact the Customs officer identified in Block 2. | Customs Form 3115 (10 1054) |

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

### A. CERTIFICATE OF SERVICE OF SUMMONS

I CERTIFY THAT I SERVED THE SUMMONS ON THE FRONT OF THIS FORM AS FOLLOWS:

| | ADDRESS OR LOCATION | DATE |
|---|---|---|
| ☐ I delivered a copy of the summons to the person to whom it was directed, as follows: | | TIME |

| | PERSON TO WHOM SUMMONS WAS DELIVERED | NAME Augusto Bussone | TITLE President |
|---|---|---|---|
| ☒ (For corporations, partnerships, and unincorporated associations which may be sued under a common name) I delivered a copy of the summons to an officer, managing or general agent, or agent authorized to accept service of process as follows: | ADDRESS OR LOCATION Lish Lobster Co. 5-11 Williams St. Chelsea, MA 02150 | DATE 9/28/04 TIME 9:30 AM | |

| SIGNATURE | TITLE Special Agent | DATE 9/28/04 |
|---|---|---|

### B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the summons on the front of this form.

| SIGNATURE X | TITLE President | DATE 9/28/04 | TIME 9:35 AM |
|---|---|---|---|

Customs Form 3115 (101091)(Back)

| 1 TO (Name, Address, City, State, ZIP) | DEPARTMENT OF THE TREASURY UNITED STATES CUSTOMS SERVICE |
|---|---|
| Live Lobster Company, Inc.<br>5-11 Winnisimmet Street<br>Chelsea, MA 02150 | **SUMMONS**<br>TO APPEAR AND/OR PRODUCE RECORDS |

By the service of this summons upon you, YOU ARE HEREBY SUMMONED AND REQUIRED TO:

(A) ☐ APPEAR before the Customs officer named in Block 2 below at the place, date, and time indicated to testify and give information.

(B) ☒ PRODUCE the records (including statements, declarations, and other documents) indicated in Block 3 below, before the Customs officer named in Block 2 at the place, date, and time indicated.

Your testimony and/or the production of the indicated records is required in connection with an investigation or inquiry to ascertain the correctness of entries, to determine the liability for duties, taxes, fines, penalties or forfeitures, and/or to insure compliance with the laws or regulations administered by the U.S. Customs Service.

Failure to comply with this summons will render you liable to proceedings in a U.S. District Court to enforce compliance with this summons as well as other sanctions.

| 2 (A) NAME, TITLE, ADDRESS, AND TELEPHONE NUMBER OF CUSTOMS OFFICER BEFORE WHOM YOU ARE TO APPEAR | (B) DATE   October 25, 2004 |
|---|---|
| Special Agent Frank Piccione<br>U.S. Immigration and Customs Enforcement<br>10 Causeway Street, Room 722<br>Boston, MA 02222 | (C) TIME   9:00 a.m. |

3 RECORDS REQUIRED TO BE PRODUCED FOR INSPECTION

Identify any lobster importers located in Italy doing business with Live Lobster Company, Inc., other than the seven importers listed on the Summons request for completion on October 12, 2004. Provide exact copies of all invoices issued and proof of payments received from these importers during 2001, 2002 and 2003.

*You are requested not to disclose the existence of this summons for an indefinite period of time. Any such disclosure will impede this investigation and thereby interfere with the enforcement of Federal law.*

Issued under authority of section 509, Tariff Act of 1930, as amended by Public Law 96-410 (19 U.S.C. 1509);Customs Delegation Order No. 55 (44 F.R. 2217)

| 4 NAME OF PERSON AUTHORIZED TO SERVE SUMMONS:<br>S/A Frank Piccone<br>or any other Customs officer. | 5 DATE OF ISSUE<br><br>COMMISSIONER OF CUSTOMS<br>BY (Signature): |
|---|---|
| | 6 NAME, TITLE, ADDRESS, AND TELEPHONE NUMBER OF PERSON ISSUING THIS SUMMONS<br>Robin M. Ayers, Special Agent in Charge<br>U.S. Immigration and Customs Enforcement<br>10 Causeway St. Rm. 722<br>Boston, MA<br>617 565-7400 |
| If you have any questions regarding this summons, contact the Customs officer identified in Block 2. | |

Customs Form 3115 (101091)

CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

A. CERTIFICATE OF SERVICE OF SUMMONS

I CERTIFY THAT I SERVED THE SUMMONS ON THE FRONT OF THIS FORM AS FOLLOWS:

| ☐ I delivered a copy of the summons to the person to whom it was directed, as follows: | ADDRESS OR LOCATION | DATE |
| | | TIME |

| ☒ (For corporations, partnerships, and unincorporated associations which may be sued under a common name) I delivered a copy of the summons to an officer, managing or general agent, or agent authorized to accept service of process as follows: | PERSON TO WHOM SUMMONS WAS DELIVERED — NAME: Anthony Bussone   TITLE: President | |
| | ADDRESS OR LOCATION: Chez Laurent Co. 5-P Williams Street Chelsea, MA 02150 | DATE 9/28/04 |
| | | TIME 9:40 am |

SIGNATURE / TITLE: Special Agent    DATE 9/28/04

B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the summons on the front of this form.

SIGNATURE X _____    TITLE: President    DATE 9/28/04    TIME 9:45 am

Customs Form 3115 (101091)(Back)

# MARTIN G. WEINBERG, P.C.
ATTORNEY AT LAW

20 PARK PLAZA, SUITE 905
BOSTON, MASSACHUSETTS 02116

(617) 227-3700

FAX (617) 338-9538

NIGHT EMERGENCY
(617) 901-3472

EMAIL: owlmgw@worldnet.att.net

October 12, 2004

**Via Hand Delivery**
Special Agent Frank J. Piccione
Department of Homeland Security
c/o U.S. Immigration and Customs Enforcement
10 Causeway Street Room 722
Boston, MA 02223.

RE:    **Summons Issued to Live Lobster**

Dear Special Agent Piccione:

Please be advised that I have been retained to represent Live Lobster, Inc. ("Live Lobster") regarding the summons served upon them on or about September 28, 2004, which calls for production of certain records on or before October 12, 2004. I trust that you received my voicemail message on Friday, October 8, 2004, which I promptly left after being retained in this matter.

I am writing for several reasons. First, please be advised that my client will comply with any lawful directive to produce non-privileged documents that are not otherwise legally protected. Given that I am newly retained, however, I would request an additional ten (10) days for my client to respond to the summons. Please be advised that my client will be immediately retaining a third party record keeper to review and segregate the relevant universe of documents requested by the summons.

Second, there appear to be numerous legal issues implicated by the summons you have served upon my client. As you may know, a United States District Judge in the Southern District of New York recently concluded that the administrative subpoenas (or so-called "national security letters") issued pursuant to 18 U.S.C. § 2709 violate the Fourth Amendment because they effectively bar or substantially deter any judicial challenge to the propriety of an NSL request. Doe v. Ashcroft, 2004 WL 2185571 (SDNY September 28, 2004) (Marrero, J.). The court also found that the permanent ban on disclosure contained in § 2709(c) operated as an unconstitutional prior restraint on speech in violation of the First Amendment. Id.

The summons served upon Live Lobster in this case implicates the identical constitutional concerns, considering that it has been issued without any prior judicial authorization and facially precludes disclosure of even the existence of the subpoena. As Judge Marrero concluded: "While the Fourth Amendment reasonableness standard is permissive in the context of administrative subpoenas, the constitutionality of the

administrative subpoena is predicated on the availability of a neutral tribunal to determine, after a subpoena is issued, whether the subpoena actually complies with the Fourth Amendment's demands. In contrast to an actual physical search, which must be justified by the warrant and probable cause requirements occurring *before* the search, an administrative subpoena 'is regulated by, and its justification derives from, [judicial] process' available *after* the subpoena is issued." Id.

Additionally, apart from the significant constitutional concerns raised by the secrecy clause of the summons, courts will enforce administrative subpoenas only if: (1) the agency's investigation is being conducted pursuant to a legitimate purpose, (2) the inquiry is relevant to that purpose, (3) the information is not already within the agency's possession, and (4) the proper procedures have been followed. See United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); Gimbel v. Fed. Deposit Ins. Corp. (In re Gimbel), 77 F.3d 593, 596 (2d Cir.1996). Moreover, even if an administrative subpoena meets these initial criteria to be enforceable, its recipient may nevertheless affirmatively challenge the subpoena on other grounds, such as an allegation that it was issued with an improper purpose or that the information sought is privileged. See Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964).

Given the foregoing, it would greatly facilitate the process if you would provide the following information: (1) the legal and/or statutory basis for the summons, (2) the nature of the agency's investigation, (3) the purpose of the investigation, and (4) my client's status within that investigation. To the extent that the request for records is on behalf of the Italian government, and governed by a MLAT request or order, then I would request that you provide a copy of the order and the documents that supported the request for and granting of the order. Without any of the foregoing, I simply can not adequately advise my client whether the subpoena has been properly issued and what, if any, privileges or protections might be implicated by the requested disclosure. See e.g., In re: Commissioner's Subpoenas, 325 F.3d 1287 (11th Cir.2003) (28 U.S.C. §1782 implicitly requires foreign discoverability as a prerequisite to the grant of assistance to foreign authorities).

As I stated at the outset of this letter, my client is committed to complying with any lawful directive to produce non-privileged, non-protected documents, but I do believe there are several issues that first need to be discussed and resolved. I would appreciate either meeting or speaking with you as soon as possible. If there is an Assistant United States Attorney involved in the investigation, and you believe that communications between myself and the AUSA would be of assistance, please inform me of the AUSA's name so that I may pursue that alternative means of communication.

Respectfully,

Martin G. Weinberg

# MARTIN G. WEINBERG, P.C.
### ATTORNEY AT LAW

20 PARK PLAZA, SUITE 905
BOSTON, MASSACHUSETTS 02116

(617) 227-3700

FAX (617) 338-9538

NIGHT EMERGENCY
(617) 901-3472

EMAIL: owlmgw@worldnet.att.net

December 29, 2004

**Via First Hand Delivery**
Special Agent Frank J. Piccione
Department of Homeland Security
c/o U.S. Immigration and Customs Enforcement
10 Causeway Street, Room 722
Boston, MA 02223

RE: **Summons Issued to Live Lobster, Inc.**

Dear Special Agent Piccione:

    My client, Live Lobster, Inc., is not intentionally ignoring your summonses; instead, for the reasons particularized in my October 12, 2004 letter to you, they respectfully decline to comply with the requests in the summonses absent a determination that the summonses are properly issued. I am available to discuss these matters further with you or, as I have requested, with any attorney who represents the United States Customs Service in these matters.

Yours truly,

Martin G. Weinberg

MGW/ld